

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Eugene Brady
County Attorney
Hunt County
Greenville, Texas

Dear Sir:           Attention: Mr. Robert McWhirter

Opinion No. O-4457
Re: Can an employee working for the
Municipal Light Plant continue
to work as an employee after his
brother has been elected city
commissioner, when said commis-
sioner is to recommend the em-
ployees of the said Municipal
Light Plant and the said employees
are to be approved or rejected
by the City Council?

    Your letter requesting the opinion of this department
on the above stated question reads in part as follows:

    "On December 29, 1941 I wrote asking for an
opinion as follows:

    "'In a city operating under the Charter from
the State of Texas under the Mayor-Council Form
of government, can an employee working for Muni-
cipal Light Plant continue to work in that capa-
city after his brother has been elected as a
Commissioner in said city, which said Commis-
sioner is to recommend the employees of the said
Municipal Light Plant and the said employees are
to be approved or rejected by the City Council,
the City Council being composed of a Mayor and
Two Commissioners, one of which Commissioners
is the brother of the employee?'

    "On January 7, 1942 you replied that you could
not furnish opinion on this question due to the
fact that the department had no jurisdiction of
municipal matters.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"It is not my intention at all to ask any special favors of the department or to ask you to make any special exceptions to your rules relating to furnishing of opinion, but will state that this opinion is not wanted for the purpose of settling any municipal dispute, but rather I desire to know whether or not the working of an employee under the above circumstances constitutes a violation of Article 432 Penal Code State of Texas. We are faced with prosecution in County Court in this county in this connection and if it is possible for your department to render an opinion it would be of great service to us."

Article 432, Vernon's Annotated Penal Code, reads as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

Article 433, Vernon's Annotated Penal Code, provides:

"The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of

162

> Representatives, Railroad Commissioners,
> head of departments of the State govern-
> ment, judges and members of any and all
> Boards and courts established by or under
> the authority of any general or special
> law of this State, members of the Legis-
> lature, mayors, commissioners, recorders,
> aldermen and members of school boards of
> incorporated cities and towns, public
> school trustees, officers and members of
> boards of managers of the State University
> and of its several branches, and of the
> various State educational institutions and
> of the various State Eleemosynary institu-
> tions, and of the penitentiaries. This
> enumeration shall not be held to exclude
> from the operation and effect of this law
> any person included within its general
> provisions."

It is apparent from the foregoing statutes that the city of Greenville cannot employ anyone related to a member of the city commission within the second degree by affinity or within the third degree by consanguinity.

Collateral consanguinity is the relationship existing between persons who descend from the same common ancestor but not from each other. Lineal consanguinity is the relationship existing between persons when one is descended from the other. In computing the degrees of lineal consanguinity existing between two persons every generation in the direct course of relationship makes a degree. The method of computing collateral consanguinity is to discover the common ancestor, to begin with him and to reckon downward and the degree the two persons, or the more remote of them is distant from the ancestor is the degree of the kindred subsisting between them. Thus, brothers are related to each other in the first degree because from the father each one of them is one degree. (Tyler Tap R. R. Co. and Douglas v. Overton, 1 Tex. 268)

In view of the foregoing, we respectfully answer the above stated question in the negative.

We call your attention to opinions Nos. 0-3471, 0-2702, and 0-2225, which we think supports the conclusion

150

Honorable Eugene Brady, Page 4

reached in this opinion.  We are enclosing copies of these
opinions for your convenience.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

APPROVED MAY 6, 1942

                         By  _____
FIRST ASSISTANT              Ardell Williams
ATTORNEY GENERAL                   Assistant


AW:GO

ENCLOSURE

